## SHAW et al. v. INGERSOLL et al.

USURY: FRAUD: BURDEN OF PROOF. A party attacking the validity of a contract or conveyance on the ground of usury and fraud, must establish the truth of his averments by evidence that is satisfactory. The evidence adduced in the present case was held not to be of that character.

*Appeal from Polk District Court.*

TUESDAY, DECEMBER 4.

It is alleged in plaintiffs' petition that on and prior to July 22, 1858, the defendants, Callanan & Ingham, were

the owners of two certain mortgages executed by plaintiffs upon lots 9, 10, 11 and 12, in block No. 5, in W. A. Scott's addition to the town of Des Moines, Polk county, Iowa; that one of the mortgages was executed on the 4th day of June, 1857, and purported to be for the sum of $2,008.16, due December 4th thereafter, payable to James A. Williamson and by him assigned to said defendants; that the other mortgage was made to said Callanan & Ingham, and bore date September 5, 1857, was payable on the 1st of December thereafter, and purported to be for the sum of $550, with ten per cent interest per annum after maturity.

It is averred that both of these mortgages were usurious and had unlawful interest included in the face thereof. It is further averred that the defendant Ingersoll was the attorney of Callanan & Ingham in an action to foreclose the said mortgages in the district court of Polk county, wherein it was adjudged on the 14th day of August, 1867, that said mortgages were usurious, and that he had full notice of their usurious character.

The petition also alleges that on the 22d day of July, 1858, said Callanan & Ingham being then the owners and holders of said two mortgages, and knowing the embarrassed condition of plaintiffs, in consideration of the forbearance of said two mortgages, induced plaintiffs to execute a deed of trust for the sum of $590.21, payable six months thereafter; that the sole and entire consideration of said deed of trust so executed in favor of Callanan & Ingham was for unlawful and usurious interest on the sums claimed by the latter on said usurious mortgages; that at the maturity of said trust deed Callanan & Ingham pretended to be in great need of money, and urged the payment thereof by plaintiffs, whereas in truth the only object of Callanan & Ingham was to entrap plaintiffs into a renewal of said illegal and void trust deed, in a form in

which they intended to cover up the true character thereof and evade the effect of the usury law; that at that time Ingersoll was the attorney of Callanan & Ingham, and ever since has been and was employed by them as an agent to carry out such illegal and fraudulent intent; that defendants pretended and represented to plaintiffs that Ingersoll had money to loan, and that plaintiffs could obtain money from Ingersoll to pay off said trust deed; that said Ingersoll pretended to loan plaintiffs $590, at ten per cent interest per annum, for that purpose; that Ingersoll paid no money to plaintiffs, but drew a check on Callanan & Ingham, who were then doing a banking business; that Ingersoll had only about $28 on deposit in said bank at the time, and pretended to give his note to Callanan & Ingham at the rate of eight per cent per month; that in consideration of said pretended loan by said Ingersoll to the plaintiffs they executed a deed of trust on their homestead to James E. Hull, trustee, to secure the note made by plaintiffs to E. J. Ingersoll for $591.80, dated January 22, 1859, payable five months after date, with interest at the rate of ten per cent per annum.

It is averred that Ingersoll was but the agent of Callanan & Ingham in this transaction; that the same was only colorable and was fraudulent; that the pretended loan was in truth but a renewal of the usurious and void trust deed executed by plaintiffs to Callanan & Ingham, and not a *bona fide* loan by Ingersoll. It is further alleged that Hull, the trustee, has made a sale of the trust property to Ingersoll under the trust deed.

The prayer of the petition asks that both trust deeds be declared null and void and canceled, and for general relief.

The answer is a general denial of the allegations of the petition.

Trial by the court. Decree dismissing plaintiffs' petition; from which they appeal.

*Nourse & Kauffman* for the appellants.

*Barcroft & Hammond* for the appellees.

MILLER, J. — The case presents but one question, namely: Were the note and trust deed, executed to Ingersoll by the plaintiffs, the property in good faith of Ingersoll, or were they procured by him colorably for the purpose of evading the usury law, and for the benefit of Callanan & Ingham?

We do not propose to enter into a discussion of the evidence in detail, but simply to state our conclusion. We have given all the evidence in the record a careful examination and are of opinion that, while there are some facts and circumstances shown by the testimony, which tend in some degree to cast suspicion on the good faith of the transaction, the preponderance of the evidence is the other way.

The check of Ingersoll, drawn on Callanan & Ingham, was received by them as payment and in satisfaction of the debt secured by the trust deed held by them against the plaintiffs, and the trust deed canceled and discharged; and the evidence very satisfactorily shows that the note made by Ingersoll to Callanan & Ingham, for the amount of his check, was actually paid by him. Ingersoll testifies positively also that neither Ingham nor Callanan & Ingham owned or controlled the deed of trust which Shaw and wife executed to him; that the transaction was not for their benefit, and that no arrangement or understanding was made between him and them in respect to his making the loan to Shaw.

In all this we think he is sustained by Ingham, Callanan

and the witness Pritchard, who was the book-keeper of Callanan & Ingham at the time the loan was made.

The weight of the evidence is in favor of the *bona fides* of the transaction, and the judgment of the district court will be

Affirmed.

COLE, J., took no part in the decision.